**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Officer James Washington, | ) | No. 09 Cv- |
|     Plaintiffs, | ) | Honorable Judge |
| | ) | |
| v. | ) | |
| Cook County, Illinois, a body politic, Cook County | ) | |
| Tom Dart, Cook County Department of | ) | |
| Corrections, Cook County Sheriff's Police | ) | |
| Department, | ) | |
|     Defendants. | ) | Jury Demanded |

## COMPLAINT UNDER TITLE VII OF CIVIL RIGHTS ACT OF 1964 (RACE-BASED DISCRIMINATION IN EMPLOYMENT – DENIAL OF PROMOTION)

Plaintiff complains of the Defendants as follows:

1. Jurisdiction of this case is based upon Federal question, as Plaintiff claims redress for race-based employment discrimination based upon Title VII of the Civil Rights Act of 1964, Title 42 USC Section 2000e *et seq*.

2. Venue is proper in this Court as the cause of action arose and all acts complained of herein transpired in the County of Cook, State of Illinois, within the geographic expanse of this Court.

3. At all times relevant to this Complaint, Plaintiff was and remains a deputy Sheriff of Cook County, employed within the Cook County Department of Corrections as corrections officers at the Cook County Jail. Plaintiff is African American, and as such is a member of a racial minority.

4. At all times relevant to this Complaint, Sheriff Tom Dart or his predecessor Michael Sheahan, both of whom are Caucasian American, was the Sheriff of Cook County, Illinois, and thus in charge of the Cook County Department of Corrections (referred to sometimes herein as "CCDOC"). At all times relevant to this Complaint, Cook County was and remains a body politic, the organization of which includes the Cook County Jail, Cook County Sheriff's Police as well as the Cook County Department of Corrections.

5. The Defendants have engaged and continue to engage in a pattern and practice of race-based discrimination in the Plaintiff's employment, all of which has been purposefully directed to garnering for the benefit of Caucasian American Officers and personnel the highest-ranked, highest paid and most desirable positions, benefits, working conditions and job assignments, to the exclusion of African American officers including Plaintiff. Specifically, the Defendants' discriminatory conduct includes one or more of the following acts and omissions:

    a) promoting Caucasian American Officers to superior ranked positions and assignments, including sergeant and other ranked, supervisory positions (Lieutenant, Captain, Director, etc.), as well as other special detail assignments, even in cases where said Caucasian American Officers and superiors have minimal seniority and substantial records of disciplinary action for misconduct, absenteeism or infractions of the employment rules;

    b) refusing to show African American Officers their test results or what the required passing results are when said officers purportedly fail the tests required to be passed in order to obtain promotions to sergeant and other supervisory-level positions;

    c) directing African-American officers to come to downtown Chicago to seek results of their test scores only to then be told their results informally (by handwriting on a

2

piece of scratch paper) and not officially affording a means to ascertain results in fairness across the board (Caucasian American Officers received telephone calls informing them of their promotions);

d) refusing to show African American Officers their test results or what the required passing results are when said officers purportedly fail the tests required to be passed in order to obtain promotions to sergeant and other supervisory-level positions;

e) asking African-American officers to come to downtown Chicago to seek results of their test scores only to then be told their results informally (by handwriting on a piece of scratch paper) and not officially affording a means to ascertain results in fairness across the board (Caucasian American Officers received telephone calls informing them of their promotions);

f) conducting tests for promotion with all Caucasian and no African American test proctors; and

g) retaliatory conduct against African American Officers who exercise their protected right to complain of mistreatment.

6. Plaintiff Officer James Washington is an African American Officer, and has been so employed for twenty-three years. He has been regularly denied promotions to supervisory or ranked positions which have been granted to similarly qualified or less qualified Caucasian American persons. Similarly qualified and less qualified Caucasian American officers have been promoted to Sergeant.

7. Plaintiff Officer James Washington has a tenure of 25 years as corrections officer. He passed the Sergeant's examination in 1994 and 2004, but was never promoted to Sergeant.

20. Because Plaintiff Officer James Washington observed that his efforts to gain promotion

3

were futile, he did not take the examination in 2006. Plaintiff Officer James Washington thus has never been promoted to Sergeant. Similarly qualified and less qualified Caucasian American officers have been promoted to Sergeant during and since 2006.

8.  Plaintiff Officer James Washington has been subjected since 2006 to a hostile work environment, including being subjected to threats by fellow officers, to undesirable working conditions and unfavorable assignments, and to unfair treatment as to identification of a lunch period (i.e., Plaintiff Officer James Washington has not enjoyed a fixed hour for lunch, whereas Caucasian officers are allowed to determine, or know in advance, what their lunch hour will be).

9.  Plaintiff Officer James Washington has been forced to work four dorms by himself. This is considered an overloaded assignment, which is not required of Caucasian officers.

10.  These actions by the Defendants have directly and proximately caused substantial damage to Plaintiffs, including loss of earnings, loss of opportunities for additional training and advancement in their employment, emotional distress and suffering, mental anguish, humiliation, diminution of reputation, increased peril and exposure to risk of injury and inmate attack on the job.

11.  Although the supervisor-level Defendants have, upon information and belief, been notified of these issues, none of them have taken measures to implement fair and equal access hiring, promotion and employee assignment methods.

12.  These actions by the Defendants have directly and proximately caused substantial damage to Plaintiff , including loss of earnings, loss of opportunities for additional training and advancement in his employment, loss of seniority, emotional distress and suffering,

4

mental anguish, humiliation, diminution of reputation, increased peril and exposure to risk of injury and inmate attack on the job.

18.     Although the supervisor-level Defendants have, upon information and belief, been notified of these issues, none of them have taken measures to implement fair and equal access hiring, promotion and employee assignment methods.

Wherefore, Plaintiff Officer James Washington respectfully requests that he be awarded judgment in a sum in excess of $100,000.00, representing lost wages, front and back pay, emotional and morale damages and forgone opportunity costs, to be taxed against and paid by Defendants Cook County, Illinois, a body politic, Cook County Sheriff Tom Dart, the Cook County Department of Corrections and the Cook County Sheriff's Department, jointly and severally.   Plaintiff demands trial by jury, and designation of a Court Monitor to oversee all discipline, hiring, firing and promotions events and practices of the Defendants.

Respectfully submitted,

By:_____/S/____ Michael J. Greco _____
                 Michael J. Greco
                 Attorney for Plaintiff

Michael J. Greco
Attorney at Law
Attorney for Plaintiff
70 W. Hubbard Street
Suite 302
Chicago, Illinois  60654
312 222-0599
Attorney No. 06201254